IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ABDILAHIWALI AHMED ABDIKADIR,

      Petitioner,

      v.                               Case No. 1:26-cv-00634 KWR-JMR

WARDEN, *Torrance County Detention Center*,
DAREN K. MARGOLIN, *Director for Executive Office for*
*Immigration Review,*
TODD M. LYONS, *Acting Director of*
*Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office*
*Director for Detention and Removal,*
*U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Acting Attorney General of the United States, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*Of Homeland Security*,

**ORDER DISMISSING MOTION TO ENFORCE**

THIS MATTER comes before the Court on Petitioner's Motion to Enforce (Doc. 11). The Court granted in part Petitioner's habeas petition and ordered that Respondents hold an individualized bond hearing. Respondents held an individualized bond hearing before an immigration judge, who denied bond or release, finding that Petitioner is a flight risk. Now, Petitioner requests that the Court enforce its judgment and order his release.

The Court concludes that the immigration judge complied with the Court's order and held an individualized bond hearing.  Moreover, Petitioner challenges the discretionary judgment of the immigration judge, which is barred by 8 U.S.C. § 1226(e). Finally, Petitioner has not demonstrated

that the alleged errors in the immigration judge's ruling amount to a due process violation. Therefore, the Motion to Enforce is dismissed without prejudice, or in the alternative denied.

## DISCUSSION

Petitioner asserts that the immigration judge erred by finding he was a flight risk, and the immigration judge violated his due process rights. Petitioner requests that the Court order his immediate release. Doc. 11 at 1-3. Petitioner appears to acknowledge that the Court lacks authority or jurisdiction to review a discretionary bond decision by an immigration judge. Doc. 16 at 2 ("Petitioner is not requesting this Court review the discretionary decision the immigration judge made regarding bond…."). However, he asserts that the Court has jurisdiction to determine whether the immigration judge complied with the Court's order or committed a constitutional violation.

The Court "retains jurisdiction to enforce its lawful judgments, including habeas judgments." *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (explaining that district court has authority to enforce its habeas judgment). And the Court has jurisdiction over constitutional challenges to the application of § 1226. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (holding that "Section 1226(e) contains no explicit provision barring habeas review, and . . . its clear text does not bar [a petitioner's] constitutional challenge"); *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). But the Court does not have jurisdiction to review an immigration judge's discretionary bond decision. Under § 1226(e), "[n]o court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the

2

extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.").

*First*, the Court finds that the bond hearing was sufficiently individualized and complied with the Court's order. It is clear that the immigration judge provided an individualized bond hearing at which Petitioner had representation of counsel, Petitioner was permitted to present or proffer evidence, and the immigration judge issued a ruling explaining why he believed Petitioner was a flight risk.  The Court did not order any specific result.

*Second*, it appears that Petitioner challenges the discretionary judgment of the immigration judge. Petitioner asserts that the immigration judge erred by finding him a flight risk.  Petitioner asserts that the immigration judge erroneously found the Respondents' evidence more credible than Petitioner's evidence. Doc. 12 at 3. Petitioner appears to assert that the immigration judge erred by failing to follow BIA case law, including (1) relying upon some *Guerra* factors over others and (2) finding a change in circumstances justifying Petitioner's re-detention.

Petitioner frames his argument as a due process claim. In reality, it appears he challenges the immigration judge's discretionary decision in weighing the evidence and finding he is a flight risk, which the Court finds is barred by § 1226(e). *See Hafoka v. Sessions*, 734 F. App'x 565, 571 (10th Cir. 2018) (finding that jurisdiction-stripping statutes cannot be evaded by couching an otherwise unreviewable claim "under constitutional rhetoric"). A number of Tenth Circuit cases have found that challenges cast as due process arguments in fact challenge merely challenge the weighing of factors or evidence. *See, e.g., Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (10th Cir. 2001) (finding that a petitioner may not create jurisdiction "through the facile device of re-characterizing an alleged abuse of discretion as a 'due process' violation" (citation omitted)); *Kadim v. Holder*, 563 F. App'x 634, 638 (10th Cir. 2014) (finding that due process argument in

fact challenged the immigration judge's weighing of the evidence, and court lacked jurisdiction); *Mejia-Cerrano v. Mukasey*, 284 F. App'x 572, 574 (10th Cir. 2008) (claims which are disagreements about balancing of factors that weighed into his discretionary decision, cast as a due process claim, was barred); *Tobar v. Gonzales*, 200 F. App'x 796, 799 (10th Cir. 2006) ("discretionary agency decisions may not be recast as constitutional errors or questions of law so as to invoke our jurisdiction").[1] Here, Petitioner appears to challenge the immigration judge's weighing or evaluation of the evidence and factors, application of BIA case law, and his finding that he is a flight risk. Therefore, Petitioner challenges a discretionary decision by the immigration judge, which is barred by § 1226(e).

Alternatively, Petitioner has not established a due process violation. Petitioner did not demonstrate that the alleged errors, such as mis-weighing of evidence or the misapplication of BIA case law, amount to a procedural due process violation. Some courts review whether the bond hearing was fundamentally unfair in violation of the district court's order. *See, e.g., Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see also United States v. Aguirre-Tello,* 353 F.3d 1199, 1207 (10th Cir. 2004). "An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him

---

[1] The Court cites these cases as examples where courts have distinguished whether a petitioner is asserting a due process claim or merely challenging the immigration judge's discretionary decision. The status of these cases is unclear in light of *Wilkinson.* Section 1252(a)(2)(D) provides that a court of appeals may consider final orders of removal via petitions raising "constitutional claims or questions of law." *Wilkinson* held that courts of appeals have jurisdiction over "mixed questions of law and fact" because they "fall within the statutory definition of 'questions of law' in § 1252(a)(2)(D) and are therefore reviewable." *Wilkinson v. Garland*, 601 U.S. 209, 223 (2024). *Wilkinson* did not, however, expressly analyze the separate question of whether district courts have jurisdiction to reweigh the evidence and decide whether a party is a flight risk under § 1226(e). Petitioner does not argue that the Court has jurisdiction under *Wilkinson,* and instead argues that the immigration judge's errors amount to a due process violation. Therefore, the Court does not *sua sponte* raise this *Wilkinson* issue.

or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Ghanem,* 2022 WL 574624, at *2.  Here, Petitioner has not argued that the bond hearing did not satisfy these criteria.[2]  It appears that the immigration judge made his decision based on the record and arguments made by the parties, that Petitioner's counsel was allowed to argue on Petitioner's behalf, and the immigration judge made an individualized determination.

Petitioner appears to assert that the immigration judge erred by relying upon some *Guerra* factor over others. At the bond redetermination hearing, the immigration judge must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *In Re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006). The immigration judge may also consider various discretionary factors, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee

---

[2] Petitioner did not provide the transcript of the bond hearing. The Court cannot assume a constitutional violation occurred. Petitioner bears the burden of showing a constitutional violation. *See* 28 U.S.C. § 2241(c)(3); *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). The immigration judge has "broad discretion in deciding the factors that he or she may consider" and "may choose to give greater weight to one factor over others, as long as the decision is reasonable." *Id.* at 40. The burden is on the detainee to demonstrate that release on bond is warranted. *Id.* The BIA case law following *Guerra* has either broadened these factors or taken an expansive view of these factors, allowing the immigration judge to consider whether a detainee has a valid or credible sponsor and the immigration status of a sponsor. *See Matter of Dobrotvorskii*, 29 I. & N. Dec. 211, 213 (BIA 2025); *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 807 (BIA 2020). An immigration judge may also consider a detainee's immigration status and the likelihood that any application for relief will be granted. *Matter of R-A-V-P-*, 27 I. & N. Dec. at 807 (allowing immigration judge to consider a detainee's immigration status and likelihood that an application for relief, such as application for asylum, will be approved).

Petitioner asserts that the immigration judge erroneously focused on some factors over others. "The determination of the Immigration Judge as to custody status or bond may be based upon any information that is available to the Immigration Judge or that is presented to him or her by the alien or Service." 8 C.F.R. § 1003.19(d). "An Immigration Judge has broad discretion in deciding the factors that he or she may consider in custody redeterminations." *In re Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). "The Immigration Judge is in the best position to analyze these considerations and may choose to give greater weight to one factor over others, as long as the decision is reasonable." *Matter of R-A-V-P-*, 27 I&N Dec. at 804-05 (internal quotation marks omitted). Thus, the weighing of the factors is clearly a discretionary decision. Upon reviewing the immigration judge's order, it appears that the immigration judge relied upon multiple *Guerra*

6

factors. *See* Doc. 13-2 at 1. The immigration judge concluded that Petitioner lacked ties to the United States, is a recent arrival, and violated a condition of release by being arrested for a DUI. *Id.* It is unclear whether this was error, and even if it were, Petitioner fails to demonstrate by citation to case law how the weighing of the factors amounts to a due process violation.

Petitioner also asserts that the immigration judge violated BIA case law by detaining him without a change in circumstance, citing *Matter of Sugay*, 17 I. & N. Dec. 637, 639 (BIA 1981). He further asserts that the immigration judge erred by finding the Government's evidence regarding his DUI arrest more credible than his contrary evidence.

The immigration judge issued an order finding that Petitioner was a flight risk as follows:

> The Respondent has not met his burden of showing he is not a flight risk. The Respondent is a recent arrival to the United States. The Respondent lacks significant ties to the United States. The Respondent violated a condition of alternatives to detention while outside of detention. The Respondent was arrested on probable cause of driving while intoxicated.

Doc. 13-2 at 1. The Form I-213 provided by the Government stated that after Petitioner was released from immigration custody, he was arrested for a DUI, and the disposition of that matter was unknown. Doc. 15-1 at 2. An arrest for a DUI and a violation of conditions of release are arguably changes in circumstances, and the immigration judge's decision is not so unreasonable as to constitute a due process violation. Petitioner asserts that the immigration judge should not have relied upon the Form I-213 in the face of the evidence he presented. But he has not demonstrated that resolving factual disputes in this case amounted to a due process violation.

### CONCLUSION

Respondents complied with the Court's judgment. The Court lacks authority to reconsider the immigration judge's discretionary bond decision. Alternatively, Petitioner has not demonstrated that the immigration judge violated the Court's judgment or violated due process.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Enforce Judgment (Doc. 11)

is **DISMISSED WITHOUT PREJUDICE**.  Alternatively, it is **DENIED**.


_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE